**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSERVATION CONGRESS and KLAMATH FOREST ALLIANCE,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>UNITED STATES FOREST SERVICE,<br><br>        Defendant - Appellee,<br><br>SIERRA PACIFIC INDUSTRIES and ROUGH AND READY LUMBER, LLC,<br><br>        Intervenor-Defendants - Appellees. | No. 10-17298<br><br>D.C. No. CV-07-02764-LKK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Argued and Submitted May 11, 2012
Portland, Oregon

Before: KOZINSKI, Chief Judge, TASHIMA and TALLMAN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

After the Forest Service issued a Record of Decision and Final Environmental Impact Statement ("EIS") for the Pilgrim Vegetation Management Project, plaintiffs Conservation Congress and Klamath Forest Alliance brought this action under the National Forest Management Act ("NFMA"). The district court initially enjoined the Forest Service from proceeding with the project. *See Conservation Cong. v. U.S. Forest Serv.*, 555 F. Supp. 2d 1093 (E.D. Cal. 2008). In response, the Forest Service prepared a Final Supplemental EIS to address the deficiencies in the Final EIS, then moved under Federal Rule of Civil Procedure 60(b)(5) to dissolve the injunction. The district court granted this motion, and plaintiffs timely appeal.

We may set aside agency decisions under the NFMA only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (en banc) (internal quotation marks omitted), *overruled on other grounds by Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "[E]ven when an agency explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may reasonably be discerned." *Crickon v. Thomas*, 579 F.3d 978, 982 (9th Cir. 2009) (internal quotation marks omitted).

A party bringing a motion under Rule 60(b)(5) must establish that a significant change in circumstances warrants revision of the judgment. *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1255 (9th Cir. 1999). "Motions for relief from judgment under Rule 60(b) are reviewed for abuse of discretion." *United States v. Asarco, Inc.*, 430 F.3d 972, 978 (9th Cir. 2005) (citation omitted); *see also United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (en banc) (if the district court identified the correct legal standard, it abuses its discretion only if its findings of fact "were illogical, implausible, or without support in inferences that may be drawn from facts in the record"). "Thus, although we review the district court's [grant of the Forest Service's Rule 60(b)(5) motion] for abuse of discretion, our review of the district court's determination as to [the merits of plaintiffs'] NFMA claim[] necessarily incorporates the APA's arbitrary and capricious standard." *Lands Council*, 537 F.3d at 987.

**1.** The Final Supplemental EIS uses a "proxy-on-proxy" analysis: It uses "habitat as a proxy to measure a species' population," and then uses "that species' population as a proxy for the population of others species." *Id.* at 996 n.10. "We will defer to its decision to use habitat as a proxy unless the Forest Service makes a clear error in judgment that renders its decision arbitrary and capricious." *Id.* at 998 (internal quotation marks omitted).

Plaintiffs argue that the Forest Service's use of habitat as a proxy is arbitrary and capricious under *Lands Council* because "the relationship between the species at issue and the habitat is unclear." *Id.* The Final Supplemental EIS reasonably concludes that mule deer habitat and population are correlated and specifically rejects the hypothesis that predation is a confounding variable. It also quotes a study that analyzes the relationship between habitat and population of the red-breasted nuthatch. Given this analysis in the Final Supplemental EIS, the district court did not abuse its discretion when it dissolved the injunction.

**2.**     The Forest Service was required to "consider the best available science" in its analysis. 36 C.F.R. § 219.35(a) (2011). Plaintiffs contend that the Forest Service neither articulated nor substantively met this standard. We disagree. First, the Final Supplemental EIS states that it "uses the best available data to provide indicators of the over all, landscape-level results of our management actions" and that the report "fulfills the . . . [NFMA] requirements to monitor for biodiversity." PAR 3113. Second, "[w]e grant considerable discretion to agencies on matters requiring a high level of technical expertise." *Ecology Ctr. v. Castaneda*, 574 F.3d 652, 658 (9th Cir. 2009) (internal quotation marks omitted). Plaintiffs fail to "cite[] any scientific studies that indicate the Forest Service's analysis is outdated or flawed" or "indicate any scientific information directly

undermining" the Forest Service's conclusion. *Id.* at 659-60. We therefore conclude that the "best available science" supports the Forest Service's findings.

Accordingly, the judgment of the district court is **AFFIRMED.**